UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
CARLOS SANTOS,

                                                                                           **COMPLAINT**

                          Plaintiff,

      -against-                                               **PLAINTIFF DEMANDS**
                                                                                      **A TRIAL BY JURY**

THE CITY OF NEW YORK,
UNDERCOVER SHIELD NUMBER 214,
DETECTIVE DEREK KIELY (TAX 925540), and
JOHN DOES 1-2,

                          Defendants.
------------------------------------------X

        Plaintiff Carlos Santos, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

**PARTIES, VENUE, and JURISDICTION**

        1.     At all times hereinafter mentioned, plaintiff Carlos Santos was an adult male resident of Bronx County, within the State of New York.

        2.     At all relevant times hereinafter mentioned, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.     At all relevant times hereinafter mentioned, defendant UNDERCOVER SHIELD NUMBER 214, hereinafter referred to as "UC 214", was an adult female employed by the City of New York as a member of the NYPD, whose identity is currently unknown to the plaintiff.  UC 214 was working undercover with the NYPD and in her official capacity as an

employee of the City of New York at the time of the subject arrest, and she is sued herein in her official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant DETECTIVE DEREK KIELY (TAX 925540) was an adult male employed by the City of New York as a member of the NYPD assigned to Narcotics Borough Bronx. Detective Kiely is sued herein in his official and individual capacities.

5. At all relevant times herein after mentioned, the Doe defendants were adult males employed by the City of New York as members of the NYPD assigned to Narcotics Borough Bronx. The Doe defendants are sued herein in their official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

### RELEVANT FACTS

8. On November 15, 2014, at about 9:00 a.m., plaintiff left his residence at 1460 Beach Avenue, Apt. 25, Bronx, New York to do laundry.

9. Plaintiff had two bags of laundry to clean. Plaintiff intended to take his laundry to the Laundromat located on Archer Street near the corner of Leland Avenue. The Laundromat was approximately a five-minute walk from plaintiff's residence.

10. Plaintiff, who used a cane to walk after being injured in a car accident, called Tyese King to assist him in carrying the laundry bags. Mr. King was an acquaintance of

plaintiff and had assisted plaintiff in the past with carrying his laundry.

11. Mr. King told plaintiff he would meet him outside plaintiff's building to help carry the laundry.

12. Plaintiff took his two bags of laundry from his apartment to the lobby of his building.

13. After waiting for Mr. King for a few minutes, plaintiff left the laundry bags in the lobby and began walking north on Beach Ave. Plaintiff intended to walk to the Laundromat to retrieve a cart to use to transport the laundry.

14. As plaintiff was walking on Beach Ave., a woman later known as UC 214 approached plaintiff and asked, in sum and substance, if he knew where she could buy drugs.

15. Plaintiff said, in sum and substance, that he did not know where she could buy drugs.

16. Plaintiff did not have any further conversation with UC 214 or assist UC 214 in any way with the purchase of drugs.

17. As plaintiff resumed walking on Beach Ave., Mr. King approached him to help with the laundry. Accordingly, plaintiff and Mr. King returned to the lobby of 1460 Beach Ave. to get the laundry bags.

18. Plaintiff retrieved the laundry bags and exited the building with Mr. King.

19. Plaintiff did not have any involvement in any interactions that occurred between UC 214 and Mr. King on November 15, 2014.

20. As plaintiff and Mr. King resumed walking on Beach Ave., defendants Kiely, John Doe 1, and John Doe 2, approached plaintiff and Mr. King and told them to drop the

bags.

21. Defendants Kiely, John Doe 1, and John Doe 2 searched, detained, and arrested plaintiff and Mr. King.

22. Mr. King told the defendants in sum and substance that plaintiff had no involvement in any drug sale and that plaintiff had not done anything wrong.

23. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

24. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

25. Plaintiff was placed in a police van and was in police custody for approximately 3 hours before being transported to the 43rd Precinct.

26. Plaintiff was held at the 43rd Precinct for several hours and searched.

27. The search revealed no evidence of any guns, drugs, or contraband.

28. Specifically, no marijuana or prerecorded buy money was found on plaintiff.

29. Plaintiff was eventually transferred to Bronx County Central Booking where he was held until approximately 2 p.m. on November 16, 2014.

30. After spending approximately 28 hours in custody, plaintiff was arraigned on a criminal complaint sworn by defendant Kiely. A copy of the criminal complaint is attached as Exhibit A.

31. The criminal complaint stated in pertinent part as follows:

Deponent is informed by UNDERCOVER POLICE OFFICER, Shield #0214, that

at the above time and place, defendants were acting in concert, in that deponent is informed by informant that informant and defendant Santos engaged in a brief drug-related conversation. Deponent is further informed by informant that defendant Santos led informant to defendant King. Deponent is further informed by informant that defendant Santos stated to informant in sum and substance, HE WILL BE ABLE TO GET YOU SOME. Deponent is further informed by informant, that informant then followed defendant Santos and defendant King into the abovementioned location, and while inside, informant handed defendant King forty dollars ($40) pre-recorded buy money, and in return, defendant King handed informant three (3) blue tinted ziplock bags containing a dried, green, leafy substance, with a distinct odor.

32. The criminal complaint contained false allegations supplied by defendants UC 214 and Kiely, including that plaintiff acted in concert with Mr. King to sell drugs, plaintiff led UC 214 to Mr. King, and plaintiff told UC 214 that she could purchase drugs from Mr. King.

33. Pursuant to these false statements, plaintiff was charged with one count of Criminal Sale of Marijuana in the Fourth Degree and one count of Unlawful Possession of Marijuana.

34. On information and belief, defendants UC 214 and Kiely provided these false statements to the Bronx County District Attorney's Office, knowing that there was no basis to support these allegations.

35. Plaintiff was arraigned on these charges, given a future court date and released from custody. He was forced to make two court appearances pursuant to these allegations before his charges were dismissed and sealed on March 2, 2015. The certificate of disposition is attached as Exhibit B.

36. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

37. The individual defendants intentionally and deliberately gave false

statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

38.    At all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION
### FOR FALSE ARREST PURSUANT TO 42 U.S.C. § 1983
### AGAINST EACH INDIVIDUAL DEFENDANT

39.    Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

40.    Defendants seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

41.    At no time did defendants have any legal basis for arresting or imprisoning plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

42.    The individual defendants either participated in the false arrests of plaintiff or failed to intervene on plaintiff's behalf.

43.    The individual defendants, individually and collectively, subjected plaintiff to false arrest and imprisonment, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

44.    By reason thereof, the individual defendants have violated 42 U.S.C.

§1983 and caused plaintiff to suffer emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION PURSUANT TO 42 U.S.C. § 1983
## AGAINST DEFENDANTS UC 214 AND KIELY

45. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

46. Defendants UC 214 and Kiely initiated a criminal prosecution against plaintiff without probable cause to believe the proceeding could succeed.

47. Defendants UC 214 and Kiely initiated the criminal prosecution with malice.

48. The criminal prosecution was terminated in plaintiff's favor.

49. Plaintiff suffered a post-arraignment deprivation of liberty as a result of mandatory court appearances before the charges were dismissed.

50. By reason thereof, defendants UC 214 and Kiely have violated 42 U.S.C. § 1983 and caused plaintiff to suffer mental anguish, the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION
## FOR DENIAL OF FAIR TRIAL PURSUANT TO 42 U.S.C. SECTION 1983
## AGAINST DEFENDANTS UC 214 AND KIELY

51. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

52. Defendants UC 214 and Kiely created false information by making false statements in the criminal complaint.

53. That false information was forwarded to the prosecutor.

54. Plaintiff was deprived of liberty as result of this false information.

55. Defendants UC 214 and Kiely thereby denied plaintiff's constitutional right to a fair trial and violated plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

56. By reason thereof, defendants UC 214 and Kiely have violated 42 U.S.C. § 1983 and caused plaintiff to suffer mental anguish, the deprivation of liberty, and the loss of his constitutional rights.

## FOURTH CAUSE OF ACTION
## FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST
## THE CITY OF NEW YORK

57. Plaintiff repeats the allegations contained in each of the foregoing paragraphs above as though stated fully herein.

58. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

59. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect

to the general public, including, and specifically, the plaintiff herein.

60. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

61. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

62. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

63. The municipal defendant has not only tolerated, but actively fostered a

lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

64. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii. On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii. On the Second Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iv. On the Second Cause of Action, punitive damages in a substantial sum of money against the individuals defendant in an amount to be determined at trial;

v. On the Third Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

vi. On the Third Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at

        trial;

vii.    On the Fourth Cause of Action, damages in a substantial sum of money against City of New York in an amount to be determined at trial;

viii.    Statutory attorney's fees pursuant to, <u>inter alia</u>, 42 U.S.C. § 1988 and New York common law, as well as disbursements, and costs of this action; and

ix.    such other relief as the Court deems just and proper.


Dated: Brooklyn, New York
       May 2, 2017

                                               /s/
                                James Sanborn (JS-4011)
                                Reibman & Weiner
                                26 Court Street, Suite 1808
                                Brooklyn, New York 11242
                                Tel. 718-522-1743
                                jsanborn@reibmanweiner.com
                                *Attorneys for Plaintiff*